[No. 714.　Decided March 10, 1893.]

JOHN KLOSTERMAN, *Appellant*, v. CHARLES VADER, E. A. TERRELL AND R. C. HULL, *Respondents*.

FRAUDULENT CONVEYANCES—ASSIGNMENT OF LEASE—CONSIDERATION.

The assignment of a lease of wild lands will not be set aside as a fraud upon creditors, although the consideration therefor was slight, when there is no proof that the lease was of some value.

*Appeal from Superior Court, King County.*

*Allen & Powell*, for appellant.
*Sherwood F. Gorham*, for respondents.

The opinion of the court was delivered by

HOYT, J.—This action was brought to set aside an assignment of a lease on the ground that the same was made

in fraud of the rights of the plaintiff as a creditor of the assignor. The lease assigned was for land in a wild state, with an annual rent reserved. There was no proof tending in any manner to show that the use of the leased premises was of any greater value than the rent to be paid therefor from year to year. In other words, the proofs did not show that the lease which was assigned was of any value whatever. Such being the fact, it is doubtful whether the court would aid plaintiff in reducing it to his possession. It would seem that before a creditor could ask the interposition of a court of equity he must show that by its aid he can obtain something which will be of some value in his hands. Whether or not this be so as a matter of law, it is clear that until it was shown that the lease was of some value, a small consideration would support its assignment. Upon the trial the court below found as a matter of fact that the assignment was made upon a valuable consideration sufficient to support it.

We have examined the proofs and are satisfied that this finding of the court was warranted. There are some features of such proofs which are open to criticism, but taking them all together and considering the fact that the lease was made by a sister to a brother, and was of wild land, which, until it had been improved by the labor of the lessee, would have little or no rental value, we think that they can all be harmonized and made consistent with the fact that the assignment was executed in the best of faith, and for a consideration not disproportionate to the value of the lease.

The judgment must be affirmed.

DUNBAR, C. J., and ANDERS, SCOTT and STILES, JJ., concur.